# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>RMAA REAL ESTATE HOLDINGS, L.L.C.,<br><br>    Debtor. | Case No.   10-16505-RGM<br>(Chapter 11) |
| RMAA REAL ESTATE HOLDINGS, L.L.C. *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>ACME REAL ESTATE LLC, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 10-1422 |

## MEMORANDUM OPINION

The issue raised by the defendant's motion to dismiss is whether a *nunc pro tunc* order waived the 14-day stay otherwise imposed by Fed.R.Bankr.P. 4001(a)(3).

Three purported creditors of RMAA Real Estate Holdings, L.L.C., filed an involuntary petition in bankruptcy against RMAA on August 3, 2010.[1] The following day, Access National Bank which is secured by a first deed of trust against the real estate owned by RMAA filed a motion for relief from the automatic stay which was granted. The order granting relief was entered on August 17, 2010.[2] The three creditors filed a motion to reconsider on August 31, 2010, asserting

---

[1] The three were Brevon Developers, Inc., Roger Amendola and Brett Amendola. Roger Amendola signed the involuntary petition as president of Brevon Developers.

[2] The order granted relief from the automatic stay and also *in rem* relief for a period of one year.

that the:

> order contained findings which did not reflect findings which were made in open Court . . . The findings which were embodied in the proposed order but which were not made in open Court were that the instant involuntary petition was filed in bad faith.

Motion for Relief from Order at 2. (Docket Entry 16).[3] Meanwhile, Access had scheduled a foreclosure sale for September 13, 2010 and the creditors had filed a motion for a stay pending appeal. Objection to Motion for Relief from Order and Request for Immediate Ruling Without Oral Argument at ¶9. (Docket Entry 17) and Motion for Stay Pending Appeal. (Docket Entry 18). A hearing was held on the motion for a stay pending appeal on September 10, 2010 and was granted, conditioned upon the posting of a bond before the foreclosure sale scheduled for September 13, 2010.

During the same hearing, the court granted the motion for reconsideration. Order Granting Reconsideration (Docket Entry 20) and Amended Order Granting Relief from the Automatic Stay (Docket Entry 22). The order granting reconsideration stated:

> Unless the court drafts its own order or memorandum opinion, it prefers that the oral ruling be incorporated into the order rather than be characterized or summarized by counsel who draft the order. In this instance, the oral ruling is the ruling of the court and additional language in the order is unnecessary.

Order Granting Reconsideration at 1. (Docket Entry 20). The court drafted a new order granting relief from the automatic stay. It excised the language finding that the petition had been filed in bad

---

[3] Access filed two motions for sanctions in a prior bankruptcy case of RMAA. The first motion was against Roger Amendola, Brett Amendola and Janet Amendola and their counsel, John P. Forest II, StahlZelloe, P.C. "for filing of a false and potentially fraudulent involuntary petition" against RMAA which was "for the sole purpose of harassing and causing unnecessary delay and expense to Access." *In re* RMAA Real Estate Holdings, LLC, Case No. 10-15244-SSM. Motion for Sanctions under Fed.R.Bankr.P. 9011 at 1. (Docket Entry 13). The second motion was against Roger Amendola, Brett Amendola and Janet Amendola for the filing of a bad faith involuntary petition against RMAA. 11 U.S.C. §303(i)(2). *In re* RMAA Real Estate Holdings, LLC, Case No. 10-15244-SSM. Motion for Recovery of Damages Pursuant to 11 U.S.C § 303(i)(2). (Docket Entry 22).

faith and added the provision that "This order is effective as of August 16, 2010 and is entered *nunc pro tunc* August 16, 2010" which was the date the original order was entered.

### Positions of the Parties

The Amendolas and Brevon Developers assert in their complaint that the foreclosure sale held on September 13, 2010, was not valid because the September 10, 2010, order granting relief from the automatic stay was itself stayed by Fed.R.Bankr.P. 4001(a)(3) for 14 days. Thus, the Amendolas argue, the automatic stay was in full force and effect and the foreclosure sale was void. Access asserts in its motion to dismiss that the 14-day stay was terminated by the September 10, 2010 because the order was entered *nunc pro tunc* to August 16, 2010. Thus, the bank argues, the automatic stay expired on August 31, 2010 and the foreclosure sale was a valid sale.

### Discussion

Rule 4001(a)(3) states:

An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise.

The question presented is whether this "court order[ed] otherwise" by its *nunc pro tunc* language in the September 10, 2010 order and waived the 14-day stay under Rule 4001(a)(3).

On September 10, 2010 the court vacated its August 16, 2010 order and entered a new order stating that it was "effective as of August 16, 2010 and is entered *nunc pro tunc* August 16, 2010." *Nunc pro tunc* is Latin for "now for then" which simply means that the order has "retroactive legal effect through a court's inherent power." Black's Law Dictionary 1097 (7th ed. 1999). A *nunc pro*

3

*tunc* order is used to correct "clerical omissions, mistakes, or misprisions to make the record of the judgment conform to the actual judgment of the court." 47 Am.Jur.2d Judgments § 838 (2010). It is not used to correct judicial errors, those that arise from a mistake of law or fact and require judicial reasoning to correct. *See id.* *See also Maksymchuk v. Frank*, 987 F.2d. 1072, 1075 (4th Cir.1993). "A *nunc pro tunc* order cannot create any new or additional rights or change the legal effect of the original judgment or decree." 35B C.J.S. Federal Civil Procedure §1246 (2010).

In this case, the purpose of the motion to reconsider was to have the court excise a finding of bad faith that might be used in two sanctions motions filed in the previous bankruptcy case that are presently under advisement. The language was unnecessary. The court made an oral ruling and characterization of it by counsel who drafted the order might have adversely affected another party in another case. The court preferred to rely in the oral ruling without more. The motion to reconsider was granted to remove the unnecessary language, but not to change the relief granted.

At that very time, the parties and the court were aware that a foreclosure sale was scheduled for the following Monday morning. The motion for a stay pending appeal was heard at the same time as the motion for reconsideration. The parties discussed the timing of the posting of the bond to make the stay pending appeal effective and the effect of the failure to post a bond timely. The conclusion was that the sale was going forward on Monday, September 13, 2010, unless a bond was posted prior to the sale.

The court intended to permit the sale to go forward on September 13, 2010 and drafted the amended order so that the actions taken from the date the first order granting relief from the stay were effective, such as advertising and noticing the sale. In order to achieve this result and not stay the foreclosure for an additional 14 days, the amended order was entered *nunc pro tunc*. This was

intended to satisfy the provision of Rule 4001(a)(3) that imposes the 14-day stay "unless the court orders otherwise".

The purpose of the 14-day stay is to permit the unsuccessful party the opportunity to obtain a stay pending appeal and thereby preserve the status quo. In this case, the unsuccessful parties did exactly that. They sought and obtained a stay pending appeal and could have prevented the foreclosure sale by posting the requisite bond. They did not do so and the foreclosure sale proceeded as scheduled.

Given the circumstances of this case – the fact that the creditors sought reconsideration not to change the relief granted but to excise language that could be detrimental to them in other litigation; the timing of the hearing; the knowledge of the scheduled foreclosure sale; the discussions at the hearing relating to the scheduled foreclosure sale; and the granting of the creditors' motion for a stay pending appeal – the court believes that the language used in the September 10, 2010, order was sufficient to waive the 14-day stay under rule 4001(a)(3).

The court notes that the bank filed a Motion to Annul the Automatic Stay on October 5, 2010, (Docket Entry 36). The motion was granted and the order entered on October 12, 2010 annulled the automatic stay effective August 31, 2010. (Docket Entry 45). This order effected the intent of the court to permit the foreclosure sale scheduled for September 13, 2010 to go forward.

## **Conclusion**

The motion to dismiss will be granted.[4] The automatic stay was either annulled as of August 31, 2010 or terminated pursuant to the amended order entered on September 10, 2010, granting relief *nunc pro tunc* August 16, 2010.

Alexandria, Virginia
November 15, 2010

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

copies to:

John P. Forest, II
Jeffery T Martin, Jr.
Daniel A. Harvill

16414

---

[4] To the extent that matters outside the pleadings were presented, the motion is treated as one for summary judgment under rule 7056.